# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michelle Lyn Hogquist,

Petitioner,

v.

Anoka County District Courts; City of
Anoka Police Department; State of
Minnesota; and Attorney General,

Respondents.

Case No. 19-CV-2471-WMW-KMM

**REPORT AND RECOMMENDATION**

Petitioner Michelle Lyn Hogquist has been charged in state court with one count of felony domestic assault. *See State v. Hogquist*, No. 02-CR-19-490 (Minn. Dist. Ct. 2019); Minn. Stat. § 609.2242, subd. 4. In her habeas corpus action, Ms. Hogquist alleges — broadly speaking — that the criminal prosecution has been conducted in an unlawful manner; that she is innocent of the offense with which she has been charged; that the Anoka County Police Department has refused to investigate or take other action with respect to crimes committed against her; and that her living conditions since the criminal prosecution against her began have fallen below the constitutional standard.

Ms. Hogquist's habeas petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.[1] After

---

[1] Although Ms. Hogquist's petition is labeled as being brought pursuant to 28 U.S.C. § 2254, she is not "in custody pursuant to the *judgment* of a State court," 28 U.S.C. § 2254(a), and thus § 2254 is not applicable to her petition. Nevertheless, the Rules Governing Section 2254 Cases may be applied in this matter. *See* Rule 1(b).

1

review, this Court concludes that the claims related to Ms. Hogquist's criminal prosecution have not been adequately exhausted in the state courts, while the claims unrelated to her criminal prosecution are improperly raised in this habeas corpus proceeding. Accordingly, it is recommended that Ms. Hogquist's habeas petition be dismissed without prejudice.

With respect to the claims brought by Ms. Hogquist relating to the ongoing criminal prosecution: "Even though the statutory language of § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Eremy v. Ramsey County, Minnesota*, No. 17-CV-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). A state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available.[2] *See, e.g., Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)).

---

[2] An exception to this rule exists where a petitioner's double-jeopardy or speedy-trial rights are at issue. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (speedy trial); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (double jeopardy). Ms. Hogquist's habeas petition asserts claims under neither of these constitutional provisions (though she does allege that she has raised speedy-trial concerns in the state courts, *see* Petition at 1 [ECF No. 1]).

There is no reason to believe, from the record before the Court, that the Minnesota state courts are inadequate to decide the claims brought by Ms. Hogquist relating to her criminal proceedings. Moreover, should the Minnesota state courts adjudicate those claims in a manner that is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or that is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), Hogquist may seek federal habeas corpus relief following the imposition of judgment (and following her exhaustion of state remedies). It is too early, however, for Ms. Hogquist to seek federal habeas corpus relief from her ongoing state-court prosecution.

Others of Ms. Hogquist's claims, by contrast, do not relate directly to the fact of the ongoing prosecution, but instead to matters tangentially related to that prosecution, for which Ms. Hogquist seeks monetary damages. Ms. Hogquist need not wait until the conclusion of the state-court criminal proceedings to bring such claims in federal court. But this is a habeas corpus action; as such, Ms. Hogquist may use the proceeding only to challenge the validity of her detention, not to seek remedies unrelated to release from that detention. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014). Instead, such claims must be brought in a traditional civil lawsuit. *Id.* at 469-70.

Under some circumstances, it is appropriate to reinterpret a habeas petition as a civil lawsuit and proceed accordingly, notwithstanding the label to the pleading used by the litigant. *Id.* at 471. Such reinterpretation is inappropriate here, though, for at least two reasons. First, Ms. Hogquist has recently initiated two civil lawsuits in this District,

3

and most (if not all) of the claims raised in her habeas petition are also brought in one or both of those other lawsuits. *See Hogquist v. State of Minnesota*, No. 19-CV-2472 (WMW/KMM); *Hogquist v. State of Minnesota*, No. 19-CV-2473 (DWF/DTS).  A *third* lawsuit on the same subjects is unlikely to prove useful to Ms. Hogquist.  Second, the respondents named to this habeas corpus action are unlikely to be appropriate defendants to a civil action maintained by Ms. Hogquist.  For example, the Anoka County District Courts and the State of Minnesota are both likely to be invested with sovereign immunity for some or all of the claims brought by Ms. Hogquist.  Similarly, the specific actors alleged to have committed the misconduct described by Ms. Hogquist in the petition have not been personally named to this action.  Thus, a new pleading would be necessary anyway if this matter were to proceed.  Such a new pleading may just as easily be brought in a separate action as in this action, which is recommended for dismissal *without* prejudice.

Only two matters merit further comment.  First, Ms. Hogquist has applied for *in forma pauperis* status in this action.  *See* ECF No. 2.  Should the recommended for dismissal be adopted, the *in forma pauperis* application may be denied.  *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

Second, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook County, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an

4

indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus."). A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Ms. Hogquist's current habeas corpus petition differently than it is being treated here. Ms. Hogquist has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Ms. Hogquist should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.
2. The application to proceed *in forma pauperis* of petitioner Michelle Lyn Hogquist [ECF No. 2] be DENIED.
3. No certificate of appealability be issued.

Date: October 24, 2019                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).